IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01392-PAB-MEH

BRADLEY SCHROCK,

    Plaintiff,

v.

STATE FARM AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## ORDER

This matter is before the Court on the Amended Defendant's Objection to Order Compelling Production of the Privileged, Confidential, and Work-Product Protected Portions of the *Benninger* File (ECF No. 66) [Docket No. 74]. On December 17, 2021, Magistrate Judge Michael E. Hegarty issued an order, Docket No. 66, granting plaintiff's motion to compel. Docket No. 56. Defendant timely objected to the magistrate judge's order, Docket No. 74, to which plaintiff responded. Docket No. 83.

The present dispute involves defendant's efforts to disqualify plaintiff's counsel, Marc Levy and his law firm, Levy Law, based on Mr. Levy's previous representation of defendant. *See* Docket No. 66 at 1. As the magistrate judge noted, defendant argues that Mr. Levy represented defendant in a "substantially similar matter," namely, a case called *Benninger v. State Farm*, and thereby "acquired disqualifying confidential client information." *Id.* Plaintiff seeks an order compelling defendant to produce the *Benninger* file, which Mr. Levy no longer has a copy of. *Id.* Defendant argues that

disclosure is not required or appropriate. *See generally* Docket No. 65. As the magistrate judge recounted, plaintiff argues that defendant "has disclosed just enough of the *Benninger* file to help [defendant's] position, but not enough to permit [Mr. Levy] to test [defendant's] allegations" that Mr. Levy acquired disqualifying confidential information. Docket No. 66 at 1. Thus, the magistrate judge described plaintiff as arguing "that [d]efendant may not use *Benninger* as both a sword and shield." *Id.* "Defendant's principal argument is that producing the confidential documents would defeat the very purpose of the grounds for disqualification." *Id.*

The magistrate judge did not find either plaintiff's or defendant's arguments persuasive. *Id.* at 2–3. However, the magistrate judge indicated that he "agree[d] with [d]efendant that[,] if the prior representation is established, and if the former and current matters are substantially related, that may be the end of the matter, and disqualification would be necessary." *Id.* at 3. "But as a matter of fundamental justice," the magistrate judge continued, "both sides should have access to the same body of information to prepare for this dispute, particularly because here, as noted above, [Mr. Levy] previously possessed the information that is the subject of this motion." *Id.* The magistrate judge also agreed with plaintiff that "nonconfidential information from the *Benninger* file must be produced," which the magistrate judge found defendant does not dispute. *Id.* At a January 11, 2022 hearing, the magistrate judge heard argument on appropriate restrictions to be placed on the *Benninger* file. Docket No. 82.

"Timely objections to magistrate judge recommendations are reviewed de novo pursuant to Rule 72(b), rather than under the clearly erroneous/contrary to law standard

applied to magistrate judge orders by Rule 72(a)."  *Gordanier v. Montezuma Water Co.*, No. 08-cv-01849-PAB-MJW, 2010 WL 935665, at *1 (D. Colo. Mar. 11, 2010).  However, when reviewing a party's objection to a magistrate judge's order on a non-dispositive matter, the court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *see Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995) ("Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b).").

Defendant argues that the magistrate judge did not correctly apply the law "governing claims of privilege or work product" or "protecting client confidentiality in the context of an attorney-client disqualification motion."  Docket No. 74 at 1.  Thus, defendant argues, because its objections ask for the Court to review the magistrate judge's decision "not to analyze applicable privilege law," the Court's review should be *de novo*.  *Id.* at 6.  The Court does not agree that *de novo* review is required.  In fact, the Court has previously reviewed magistrate judge orders on discovery matters for clear error even when the order decides issues of privilege.  *See, e.g.*, *Collardey v. All. for Sustainable Energy, LLC*, 406 F. Supp. 3d 977, 981 (D. Colo. 2019).  The Court therefore reviews the magistrate judge's order for clear error.

With exceptions inapplicable here, this District has adopted the Colorado Rules of Professional Conduct ("Colo. RPC") as its standard of professional conduct.  *See* D.C.COLO.LAttyR 2(a); *Hsin-Yi Wu v. Colorado Reg'l Ctr. Project Solaris LLLP*, No. 19-

cv-02443-RM-STV, 2020 WL 6044318, at *2 (D. Colo. Oct. 13, 2020).  Colo. RPC 1.9(a) states that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client."  A "party seeking to disqualify its former attorney from representing another party must make a four-part showing under Rule 1.9(a): (1) the moving party and the attorney had an attorney-client relationship in the past; (2) the present matter and the prior matter are 'substantially related'; (3) the present client's interests are materially adverse to the interests of the former client; and (4) after consultation, the former client has declined to consent in writing to the challenged representation."  *Persichette v. Owners Ins. Co.*, 2020 CO 33, ¶ 9, 462 P.3d 581, 585 (citing *Villas at Highland Park Homeowners Ass'n v. Villas at Highland Park, LLC*, 2017 CO 53, ¶ 33, 394 P.3d 1144, 1152).

      Defendant argues that it should not have to reveal "confidential information" that Mr. Levy learned – i.e., confidential information in the *Benninger* file – "in order to establish a substantial risk that [Mr. Levy] has confidential information to use in the subsequent matter."  Docket No. 74 at 6 (quoting *Persichette*, ¶ 21).  Defendant relies on Colo. RPC 1.9, *cmt.* 3, which states that "[a] former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter."

      Defendant made similar arguments to the magistrate judge in its response to plaintiff's motion to compel.  *See* Docket No. 64.  These arguments are no more convincing on review, and the Court finds no clear error in the order granting the motion

4

to compel.  As an initial matter, the magistrate judge noted that both sides agree that non-confidential information in the *Benninger* file must be produced.  The magistrate judge also held that, in order for both sides to address the issue of whether "the present matter and the prior matter are 'substantially related,'" *see Perischette*, ¶ 9, both parties must have access to the "same body of information."  Docket No. 66 at 3.  It would not be possible for plaintiff to dispute defendant's allegations and arguments without being able examine the *Benninger* file.  The Court agrees with the magistrate judge's analysis.  Without both sides having the same body of information that informs defendant's motion to disqualify Mr. Levy, namely, the case file, plaintiff cannot dispute the contention that "the present litigation involves a matter that is 'substantially related' to the subject of the movant's prior representation."  *See Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1384 (10th Cir. 1994).

       The Court agrees with the magistrate judge that the key issue in the parties' dispute on the motion to compel is the relevance of the *Benninger* case to plaintiff's case.  Docket No. 66 at 2.  Defendant has provided "specific allegations of communications that [Mr. Levy] actually had with [d]efendant's representatives and access [Mr. Levy] had to specific 'financial and strategic' information in *Benninger*."  *Id.* at 3.  Thus, in order for plaintiff to respond to these allegations, plaintiff must be able to look at these communications for himself.  Although Colo. RCP 1.9, *cmt.* 3 states that "[a] former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter," the comment also states, "[i]n the case of an

organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation; on the other hand, knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude such a representation." *Id.* Additionally, Colo. RCP 1.9, *cmt.* 2 explains, "[w]hen a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests in that transaction clearly is prohibited." However, the comment continues, "[o]n the other hand, a lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a factually distinct problem of that type even though the subsequent representation involves a position adverse to the prior client." *Id.* The Court agrees that the parties must have access to the "same body of information," as the magistrate judge determined, *see* Docket No. 66 at 3, so defendant may show that Mr. Levy possessed something more than "general knowledge of [defendant's] policies and practices" and actually learned specific facts that are relevant to this matter, and so plaintiff may dispute those allegations or argue that Mr. Levy merely "recurrently handled a type of problem for a former client" that is sufficiency factually distinct so as to not require disqualification. *See* Colo. RCP 1.9, *cmt.* 3.

Producing the *Benninger* file to plaintiff in discovery – as opposed to in open court – would not be improper. First, as the magistrate judge noted, the parties agree that Mr. Levy had access to the file when he was involved in the *Benninger* case, and it is only by "happenstance" that he does not still have the file, given the file's age. *Id.* at

6

2–3.[1] Second, the magistrate judge noted that he is willing to consider ways to restrict access to the file, for instance by requiring only plaintiff's counsel who was actually involved in *Benninger* (presumably, Mr. Levy) to view the file, requiring Mr. Levy to access the file only in the courthouse, and permitting a representative of defendant to be present at any review. *Id.* at 3. The Court finds that these safeguards address defendant's concerns – and distinguish the cases that defendant relies upon, which largely relate to the public disclosure of confidential client information.[2]

In both its response to the motion to compel, *see* Docket No. 64, and its objections to the magistrate judge's order, defendant argues that the *Benninger* file is protected by the attorney-client and work-product privileges. *See generally* Docket Nos. 64, 66. These arguments are not persuasive. For any such information to be relevant in this matter, the attorney at issue must have been Mr. Levy, so careful disclosure to him of the same information that he once had access to – in his capacity as defendant's

---

[1] In its objection, defendant argues that the magistrate judge's determination that Mr. Levy already had access to the file "finds no support in any record evidence." Docket No. 74 at 15. The Court is not convinced. If Mr. Levy did not have access to the information that defendant seeks to restrict, defendant would not be trying to use the information to disqualify Mr. Levy. While there may be portions of the *Benninger* file that Mr. Levy did not see during representation, since he was outside counsel for defendant, such information could not form the basis of defendant's motion to disqualify him because it could not have created "a substantial risk" of "materially advanc[ing] the client's position in the subsequent matter." Colo. RCP 1.9, *cmt.* 3.

[2] As the magistrate judge noted, "[w]hat is truly at issue regarding the *Benninger* file is *relevance*." *Id.* at 2 (emphasis in original). The Court agrees. Along with the safeguards previously mentioned, the magistrate judge may find it appropriate to restrict Mr. Levy's review of the *Benninger* file to what he previously had access to as defendant's outside counsel. Information that Mr. Levy was not privy to, for instance defendant's in-house counsel's records, may not be relevant to this matter, since such information could not be what defendant now worries Mr. Levy will use against it.

attorney – cannot breach any privilege. Restricting access to the *Benninger* file to Mr. Levy and precluding Mr. Levy from using or disclosing the contents, as the magistrate judge suggested, would also prevent a waiver or breach of the privilege. Furthermore, Mr. Levy is still subject to the attorney-client privilege from his work on *Benninger*, even though he no longer represents defendant. The Court finds no clear error in the magistrate judge's order compelling production of the *Benninger* file, Docket No. 66, and will overrule defendant's objections.

For the foregoing reasons, it is

**ORDERED** that the Amended Defendant's Objection to Order Compelling Production of the Privileged, Confidential, and Work-Product Protected Portions of the *Benninger* File (ECF No. 66) [Docket No. 74] is **OVERRULED**. It is further

**ORDERED** that Defendant's Objection to Order Compelling Production of the Privileged, Confidential, and Work-Product Protected Portions of the *Benninger* File (ECF No. 66) [Docket No. 73] is **DENIED as moot**.

DATED January 24, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge